IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O, <br><br>    Plaintiffs, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br>    Defendants. | Case No.: 1:21-cv-01641 <br><br> Judge Franklin U. Valderrama <br><br> Magistrate Judge Sheila M. Finnegan |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION [100]
TO VACATE DEFAULT JUDGMENT ORDER**

Pursuant to the Court's Minute Entry Order [101], Plaintiffs WHAM-O HOLDING, LTD and INTERSPORT CORP. d/b/a WHAM-O ("WHAM-O" or "Plaintiffs"), hereby submit their response in opposition to Defendant No. 57 CHWufEN US 7-15 Days Shipping's ("Defendant") Motion to Vacate Judgment Order ("Defendant's Motion") [100].

**INTRODUCTION**

Every argument in Defendant's Motion can be disposed of under the one-year time bar imposed by Fed. R. Civ. Pr. 60(b)(1). Defendant waited nearly eighteen (18) months to present substantive and procedural arguments after entry of Default Judgment on June 16, 2021 [55].

In short, Defendant argues that default judgment should be vacated because (1) Defendant did not infringe Plaintiffs registered, incontestable HULA-HOOP Trademark when it used HULA HOOP in its Amazon listing, (2) Defendant did not monitor its business email address notifying it of this lawsuit, (3) Plaintiffs should have served Defendant in Chinese, and (4) the Court's award of the statutory minimum for willful trademark counterfeiting is unfair.

1

Defendant's arguments are extremely suspect because Defendant was aware of the Default Judgment Order [55] as early as January 12, 2022, when Defendant hired an "attorney" to discuss settlement with Plaintiffs[1]:



Plaintiffs filed this action on March 25, 2021. [1]. On April 12, 2021, this Court entered a Temporary Restraining Order ("TRO"). [17]. Pursuant to the TRO, Amazon identified and restrained Defendant's Amazon account, and provided Plaintiffs with the e-mail which Defendant uses to communicate with Amazon and conduct business through Amazon. On May 4, 2021, Plaintiffs served Defendant electronically pursuant to paragraph 11 of the TRO. [26]. Plaintiffs filed a motion for entry of default and default judgment [36] on May 26, 2021 and notified Defendant of the pending Default Judgment Motion [36] using the methods authorized by the TRO.

---

[1] A true and correct copy of the email excerpted below is attached hereto as **Exhibit 1**. The arguments contained Defendant's Motion are also suspect considering the assistance Defendant appears to be receiving from a Chinese attorney who, upon information and belief, ghost-wrote Defendant's Motion [100] seeking to obtain a favorable ruling from the Court by virtue of its alleged "pro se" status.

Because Defendant did not answer the Complaint or appear in any way, this Court entered a Rule 55(a) default and a Rule 55(b) Default Judgment on June 16, 2021 [55]. Plaintiffs timely served Amazon with the Court's Default Judgment Order [55] for execution. Defendant waited well over a year after Default Judgment was entered, and then filed a motion to vacate the default judgment order on October 13, 2022. [100]. For the reasons set forth below, Defendant's Motion [110] to vacate an eighteen-month-old judgment should be denied.

## ARGUMENT

All of Defendant's arguments are time-barred under Fed. R. Civ. Pr. 60(b)(1). Fed. R. Civ. Pr. 60(b) provides that the court may relieve a party from a final judgment order for mistakes, inadvertence, surprise, or excusable neglect. *Baker v. OptionIT, Inc.*, No. 1:15-cv-2044, at *2 (N.D. Ill. Dec. 17, 2015). However, "'[i]nadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of excusable neglect,'" and "negligent handling of a case, by itself, will not excuse untimely behaviour or satisfy the showing required by Rule 60(b)." *Id*. "The Seventh Circuit has made it clear that setting aside a default judgment is an extraordinary remedy to be granted in exceptional circumstances." *Id*. "Rule 60(b)(1) ... establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." *Id.* "[N]either ignorance, nor lack of sophistication nor failure to scrutinize documents are sufficient to overcome Rule 60 (b) (1)'s one year time-bar or otherwise serve as a viable basis for substantive relief. *Daisley v. Daisley,* No. 2005-0140, 2012 U.S. Dist. LEXIS 27449, *13 (D.V.I. Feb. 29, 2012). While it is true that pro se litigants are given leeway that represented litigants are not, a litigant's pro se status does not provide an exemption from procedural rules or court-imposed deadlines. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

Additionally, under Federal Rule of Civil Procedure 60(b)(1), Defendant's substantive arguments are time barred because more than a year has passed since entry of default judgment. *See U.S. Ex Rel. Arrieta v. Briley*, No. 03 C 8012, at *4 (N.D. Ill. Feb. 13, 2004) ("A motion under Rule 60(b)(1) must be made within a year after judgment.").

I. **All of Defendant's Substantive Arguments Are Time-Barred by Fed. R. Civ. Pr. 60(b)(1)**

"Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2)." *Arteaga v. Hammers*, No. 18-cv-03231, 2022 U.S. Dist. LEXIS 55258, at *19 (N.D. Ill. Mar. 28, 2022) (Valderrama, J).

a. *Defendant's First Argument*

Defendant's first argument is substantive, and is time barred under Fed. R. Civ. Pr. 60(b)(1). *See id.* Default Judgment was entered in June of 2021 [55]. Nearly eighteen months later, on October 13, 2022, Defendant argues that Defendant did not infringe Plaintiffs' HULA-HOOP Trademark. *See* [100] at 1. This argument is time-barred under Fed. R. Civ. Pr. 60(b)(1). To the extent the Court is willing to consider this untimely argument, the Lanham Act does not require that Defendant use an identical term to be liable for trademark counterfeiting:

> As used in this subsection the term "counterfeit mark" means— (i) a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered; or (ii) a spurious designation that is identical with, or substantially indistinguishable from, a designation as to which the remedies of this chapter are made available. 15 U.S.C. § 1116.

4

Here, Defendant used the term "Hula Hoop" as the second word in its product title[2]:



Additionally, this Court has held that using a trademark in a product title or product description is an act of trademark infringement. *See NBA Properties, Inc.*, 2022 WL 3367823 at *8 ("A vendor violates the Lanham Act when it lists for sale infringing products"); *see also Luxottica Group S.p.A et al., v. Luo Liang, et. al.*, No. 16-cv-01227 (N.D. Ill. Feb. 15, 2017) ("Given that defendant placed the mark in the title of the product listing, where a consumer might expect to find a brand name, consumers would be likely to attribute both defendant's products and genuine Luxottica products to the same source.").

Defendant cited to the Oxford Dictionary and Wikipedia as its sources. Defendant's screenshot itself shows "(*US English* Hula-Hoop[TM])" directly underneath the pronunciations of the term, warning any reader of this website that there is a US trademark of this term. *See* [100] at 2.

---

[2] Attached hereto as **Exhibit 2** is a true and correct copy of the evidence file for Defendant, which shows that Defendant listed multiple infringing products for sale within the United States using Amazon.com in English, with the price in U.S. Dollars. At least thirty (30) of the Accused Products could be shipped to an Illinois shipping address.

As to Wikipedia, Wikipedia itself has admitted "Wikipedia is not a reliable source" as it "can be edited by anyone at any time":



In light of the above, Defendant's first substantive argument is time-barred by Federal Rule 60(b)(1). *See Arteaga*, 2022 U.S. Dist. LEXIS 55258, at *19 (Valderrama, J.) (stating that the one-year deadline imposed by Fed. R. 60(b)(1) cannot be extended). To the extent it is considered by the Court, this argument fails to raise a meritorious defense.

*b) Defendant's Second Argument*

Defendant's second argument is also time-barred by Federal Rule 60(b)(1). Defendant's second argument is that Defendant does not check the email address it used to register its Amazon seller account very thoroughly. Defendant's argument and self-serving statements are not supported by a declaration or any legal or statutory authority. Also conveniently omitted from Defendant's Motion [100] is the fact that Defendant hired a Chinese attorney who reached out to Plaintiffs in January of 2022, less than a year after Default Judgment was entered. *See* **Exhibit 1**. Defendant's Motion [100] is silent as to why it waited eighteen (18) months after judgment was entered to raise these arguments. Accordingly, Defendant's second argument is time-barred under Federal Rule 60(b)(1). *See Arteaga*, 2022 U.S. Dist. LEXIS 55258, at *19 (Valderrama, J.) (stating

that the one-year deadline imposed by Fed. R. 60(b)(1) cannot be extended). To the extent it is considered by the Court, this argument fails to raise a meritorious defense.

 *c) Defendant's Third Argument*

 Defendant's third argument again raises a substantive issue that is time-barred by Federal Rule 60(b)(1). Further, Defendant's Motion [100] does not cite a single statute or any case law regarding the propriety of email service. The email address Plaintiffs used to serve Defendant was provided to Plaintiffs by Amazon. Amazon provided this email address to Plaintiffs because this email address is used by Defendant to receive communications from Amazon and Defendant's customers. In short, this email address is used by Defendant to facilitate the operation of Defendant's Amazon store. Defendant's argument that their email address receives lots of advertising emails is irrelevant to the propriety of email service.

 Courts in the Northern District have recognized that email service is appropriate in factually similar cases. *See Strabala v. Zhang*, 318 F.R.D. 81, 115 (N.D. Ill. 2016); *see also Hangzhou Chic Intelligent Technology Co.; and Unicorn Global, Inc., v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 20-cv-04806 (N.D. Ill. April 1, 2021) (finding Hague Convention service is optional under Federal Rule of Civil Procedure 4); *see also Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 21-cv-03339 (N.D. Ill. April 15, 2022) ("Service of process is designed to give a defendant notice of a lawsuit and an opportunity to participate. It is not designed to create a series of roadblocks, snares, and barriers that interfere with the lawful ability of a plaintiff to bring his or her case"). Here, Defendant admitted to receiving notice of the lawsuit in 2021, and still failed to participate for over a year. *See* [100] at 2. Accordingly, Defendant's third substantive argument is

time-barred by Federal Rule 60(b)(1), and to the extent it is considered by the Court, this argument fails to raise a meritorious defense.

### d) Defendant's Fourth Argument

Defendant's final argument regarding this Court's statutory damage award of two hundred thousand dollars ($200,000) is also time-barred by Federal Rule 60(b)(1) and is meritless. "Rule 60(b)(1) motion is not an appropriate vehicle for a litigant who simply believes that a court has misapplied the law." *AM Grand Court Lakes LLC v. Rockhill Ins. Co.*, No. 18-23576-CIV-WILLIAMS, 2022 U.S. Dist. LEXIS 166410, at *38 (S.D. Fla. Apr. 4, 2022). The Lanham Act, 15 U.S.C. § 1117(c)(2) allows for statutory damages of up to $2,000,000 per counterfeit mark. Because Defendant failed to appear prior to this Court's entry of default judgment, the Court was within its discretion to award $200,000 for Defendant's willful trademark counterfeiting. Courts have wide discretion in awarding statutory damages. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). Defendant's unsworn, self-serving statements regarding the relative "fairness" of e-commerce sellers' ability to target Illinois consumers using the most popular e-commerce website in the United States and infringe iconic trademarks with impunity overlooks the massive harm inflicted to legitimate brand owners when counterfeiters flood the e-commerce marketplace with infringing goods. Defendant's fourth substantive argument is time-barred by Federal Rule 60(b)(1), and to the extent it is considered by the Court, this argument fails to raise a meritorious defense.

## II. Even if the Court Overlooks the Timeliness of Defendant's Motion, Defendant Fails to Satisfy the Requirements for Vacating a Judgment

To set aside a default judgment, the moving must party must show: "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Baker*, No. 1:15-cv-2044, at *2 (N.D. Ill. Dec. 17, 2015). Defendant's

motion to vacate [100] the default judgement order [55] misses the mark because it fails to show good cause for the default, was brought more than a year after this Court entered default judgment and asserts no meritorious defense to Plaintiffs' complaint.

*a) Defendant Failed to Establish Good Cause.*

Defendant does not satisfy the good cause prong because its motion to set aside never addresses any relevant legal principle. "Good cause and excusable neglect require extraordinary circumstances . . . or at least the absence of any willful disregard for duties, simple carelessness, or negligence before a default judgment will be vacated." *Baker* at 3, No. 1:15-cv-2044, (N.D. Ill. Dec. 17, 2015). Despite being served on May 4, 2021 [26], Defendant failed to respond to the Complaint until October 13, 2022, when it filed its Motion to Vacate [100].

Defendant admits to receiving service of process via email. [100] at 2. Defendant's closest argument that resembles "good cause" is that they "hardly used this email address at ordinary times." [100] at 2. The email address served was the email address provided to Plaintiffs by Amazon. This email address was provided by Defendant to Amazon for correspondence regarding Defendant's Amazon Store. Neither ignorance, nor lack of sophistication nor failure to scrutinize documents are sufficient to overcome Rule 60 (b) (1)'s one year time-bar or otherwise serve as a viable basis for substantive relief. *See, e.g., Miranda Hermanos Co. v. Asad*, 13 V.I. 271, 277 (V.I. Terr. Ct. 1977) (ignorance or carelessness on the part of the litigant or his attorney does not afford a basis for relief under Rule 60(b)(1)). Defendant's convenient excuse that it does not check the email address it provided to Amazon is insufficient to establish good cause for the default. *See id.*

*b) Defendant Failed to Take Quick Action to Correct the Default*

Despite admitting to receiving Plaintiffs' service email at some point around June of 2021, Defendant waited until October 13, 2022, to file its motion to vacate [100]. Defendant's extreme delay in filing a motion to vacate is even more suspect considering that Defendant hired a Chinese

9

attorney in January of 2022. *See* **Exhibit 1**. Courts in the Northern District routinely hold that a multiple month delay constitutes failure to take quick action to set aside a default judgment. *See Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 84 (N.D. Ill. 1981) (failure to file petition to vacate default until nearly two months after its entry constituted failure to take quick action to correct default); *see also Casio Computer Company v. Noren*, 00 C 1428 (N.D. Ill. Aug. 2, 2001) (denying a motion to vacate default judgment where a defendant waited two months to file a motion to vacate); *Grun v. Pneumo Abex Corp.*, 170 F.R.D. 441, 445 (N.D. Ill. 1996) (citing Fed. R. Civ. P. 60(b)(1) and denying a motion to vacate a three-year old default judgment). Here, Defendant waited nearly a year and a half to challenge the default judgment despite retaining counsel as early as January 12, 2022. As mentioned above, the eighteen month delay is sufficient to deny Defendant's Motion. *See Casio Computer Company*, 00 C 1428 (N.D. Ill. Aug. 2, 2001)(stating that waiting two months to vacate a default failed to constitute quick action). Accordingly, by waiting nearly a year and a half to vacate default judgment, Defendant failed to establish that it took quick action to vacate the default.

*c) Defendant Failed to Present a Meritorious Defense to the Complaint*

A meritorious defense must at least raise a serious question regarding the propriety of a default judgment and be supported by a developed legal and factual basis. *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012). A general denial of the complaint's allegations, without any factual support, is insufficient to state a meritorious defense. *Id*. at 891. It would hardly further the interests of either justice or judicial economy to vacate a default judgment if the defendant had no defense to the plaintiff's claims. *See WPS Energy Servs. v. Ravenna Aluminum, Inc.*, 2007 U.S. Dist. LEXIS 41334, at *10 (E.D. Wis. 2007) (denying motion to vacate default judgment under Fed. R. Civ. P. 60(b)); *see also Medallion Prods. v. McAlister*, 2008 U.S. Dist. LEXIS 80550, at *8 (N.D.

Ill. Oct. 9, 2008) ("As it must, the court has disregarded any unsupported factual statements") (citing *United States v. Stevens*, 500 F.3d 625, 628-29 (7th Cir. 2007) Likewise, Defendant's arguments are perfunctory and underdeveloped, and therefore waived. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.").

Nowhere in the Defendant's Motion [100] is any meritorious defense raised to the clear trademark infringement and counterfeiting alleged in the Complaint. Defendant's only alleged "defenses" are that (1) the registered trademark for "Hula-Hoop" should not extend to the terms "Hula Hoop" or "Hula Hoops" and (2) that email service is improper because Defendant does not check its email. *See* [100] at 2. As addressed in section I a (supra) 15 U.S.C. § 1116 provides that a Defendant is liable for trademark counterfeiting if it uses a "spurious designation that is identical with, or substantially indistinguishable from [a registered trademark]." Here, the incontestable HULA-HOOP Trademark is registered with the United States Patent and Trademark Office on the principal register. Defendant used the term HULA HOOP to sell its infringing product to United States consumers via Amazon.com. *See* **Exhibit 2**. Accordingly, Defendant's argument that it did not infringe the HULA-HOOP Trademark is meritless. Defendant's argument regarding service does not cite a single statute or any legal authority, and Defendant argues that Plaintiffs bear the burden of translating documents for Defendant, both claims are meritless. Defendant's remaining arguments raised in Defendant's Motion [100] lack both factual and legal support. Likewise, Defendant's arguments are perfunctory and underdeveloped, and therefore waived. *See Berkowitz*, 927 F.2d at 1384.

## CONCLUSION

The prejudice to Plaintiffs in cases where Defendants are given free rein to attack default judgments that are over a year old will vastly increase the number of meritless filings by allegedly "pro se" defendants in this judicial district. Further, Defendant has not provided a single meritorious defense to the complaint, and even if Defendant had, Defendant's year and a half long delay in moving to vacate the default judgment bars Defendant's ability to raise such objections. For the foregoing reasons, Defendant's Motion [100], should be denied. Plaintiffs respectfully request this Court enter an order Denying Defendant's Motion [100].

DATED: November 4, 2022                                                  Respectfully submitted,


*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
Email: keith@vogtip.com


***ATTORNEY FOR PLAINTIFFS***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on November 4, 2022 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt